## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IPS CONTRACTING, INC.,

      Plaintiff,                            Case No.: 2:21-cv-10983
                                                   Hon. Sean F. Cox
                                                   Mag. Anthony P. Patti

v.

RIVIAN AUTOMOTIVE, LLC,

      Defendants.

_____/

## FIRST AMENDED COMPLAINT

Plaintiff IPS Contracting, Inc. ("Plaintiff" and/or "IPSC"), through its attorneys, Frasco Caponigro Wineman Scheible Hauser & Luttmann, PLLC, states for its First Amended Complaint as follows:

## JURISDICTIONAL ALLEGATIONS

1.     IPSC is a Michigan corporation with its primary place of business located in Oakland County, Michigan.

2.     Upon information and belief, Defendant Rivian Automotive, LLC ("Rivian") is a Delaware corporation with a place of business in Wayne County, Michigan.

3.     Venue in this case is proper in the United States District Court for the Eastern District of Michigan, Southern Division pursuant to 28 USC 1391(C)(2) as

Rivian maintains a place of business within this judicial district, specifically, Plymouth, Michigan.

    4.    This Court has jurisdiction under 28 USC 1332(a)(1) because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys fees, and is otherwise within the jurisdiction of this Court.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

    5.    IPSC is a commercial and industrial contractor.

    6.    Rivian designs and builds electrical vehicles.

    7.    In January, 2017, Rivian purchased a de-commissioned 2.6 million-square-foot auto plant from Mitsubishi Motors located at 100 N. Mitsubishi Motorway, Normal, Illinois (the "Plant"). Rivian purchased the Plant in order to manufacture its new fleet of electric vehicles, and in particular, the electric van to be used by Amazon for the delivery of packages to its customers.

    8.    In order to facilitate the development and production of the vehicles, Rivian intended to completely demolish, strip-out and massively reconfigure and re-design the Plant, which when purchased, had been filled with paint booths, multiple assembly line conveyors and other equipment that was utilized by its former owner, Mitsubishi.

9.      Simultaneous with the re-design of the Plant being undertaken by IPSC, Rivian solicited bids and proposals from contractors to perform certain construction and demolition work inside the Plant that was needed to be completed before the new assembly lines and equipment were installed for the electric vehicles being built by Rivian.

10.      On or about January 16, 2019, IPSC submitted a proposal to demolish the Paint Shop at the Plant for a total of $6,596,920. At the time IPSC bid the work in question, it expressly included in its proposal that the offer was "based on IPSC receiving title to all scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.).

11.      Rivian accepted IPSC's proposal referenced above and issued a purchase order on January 31, 2019 in the amount of $6,596,920. A copy of this particular purchase order is in the possession of Rivian.

12.      Over the course of the next several months, Rivian requested IPSC submit proposals to perform additional construction and demolition work at the Plant.

13.      IPSC did in fact submit additional proposals, all of which contained the same language that the proposals were "based on IPSC receiving title to all scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.).

14.    Rivian accepted those proposals as well and throughout 2019 and into 2020, IPSC and Rivian entered into subsequent purchase orders for IPSC to perform additional construction and demolition work at the Plant. All of the purchase orders entered into between the parties concerning the construction and demolition are collectively referred to as the "Demolition Purchase Orders" and are in the possession of Rivian.

15.    The inclusion of the transfer of title of the scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) to IPSC as part of its proposal is significant and was a material component of IPSC's bid estimate.

16.    Specifically, the scrap and equipment inside the Plant has a substantial economic value. When it arrived at its estimate, IPSC intended and relied on the fact that its costs to perform the work in question would be offset by the subsequent sale of the scrap and equipment it would earn.

17.    IPSC commenced work as required under the Demolition Purchase Orders.

18.    Almost immediately, IPSC began to notice that volume of scrap and equipment it had intended to harvest from the Plant was substantially less than expected. For example, thousands of tons of copper wire were missing, robots that were intended to be removed by IPSC were not present and air filtering equipment had vanished. This material and equipment had a significant economic value.

19.     This situation of scrap and equipment being removed by entities and/or individuals other than IPSC was continuous and systematic throughout the life of the project.

20.     When IPSC notified Rivian personnel of the situation, Defendant's on-site representatives responded either with feigned concern, or alternatively, told IPSC that Plaintiff was not entitled to the scrap material and equipment that was at the Plant.

21.     While IPSC was able to generate some revenue from the recovery of scrap and equipment, it was millions of dollars less than what was reasonably anticipated and customary in the industry.

22.     It has since been discovered that several Rivian employees working at the Plant were actually stealing the scrap and equipment and/or alternatively, claiming it for themselves under the guise of needing it for the new design of the Plant.

23.     IPSC has made multiple demands for reimbursement for the value of the scrap, material and equipment that it was denied as a result of Rivian's and its employees' theft and misappropriation, however Defendant has refused to pay for same.

## COUNT I
## <u>BREACH OF CONTRACT</u>

24.     Plaintiff reiterates and incorporates all prior allegations as if fully set forth herein.

25.     Throughout 2019 and into 2020, IPSC and Rivian entered into a series of Demolition Purchase Orders regarding certain construction and demolition work that was to be performed inside the Plant. The Demolition Purchase Orders are in the possession of Defendant.

26.     At the time IPSC bid the work in question, and throughout 2019 and 2020, it expressly included in its proposals that the offer was "based on IPSC receiving title to all scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.).

27.     Rivian accepted those proposals and IPSC and Rivian entered into subsequent purchase orders for IPSC to perform additional construction and demolition work at the Plant, defined above as the "Demolition Purchase Orders".

28.     The inclusion of the transfer of title of the scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) to IPSC as part of its proposals is significant and was a material component of IPSC's bid estimates.

29.     The scrap and equipment inside the Plant had a substantial economic value that IPSC intended and expected to receive as part of its work under the Demolition Purchase Orders.

30.     IPSC received considerably lower quantities of scrap and equipment it had intended to harvest from the Plant. By way of example only, thousands of tons of copper wire were missing, robots that were intended to be removed by IPSC were not present and air filtering equipment had vanished.

31.     IPSC repeatedly notified Rivian personnel of the situation who failed to remedy the situation.

32.     IPSC has made multiple demands for reimbursement for the value of the scrap, material and equipment that it was denied as a result of Rivian's and its employees' theft and misappropriation, however Defendant has refused to pay for same.

33.     The scrap, material and equipment misappropriated by Rivian has a commercial value in excess of $12,500,000.

34.     The failure of Rivian to fully compensate IPSC for the commercial value of the scrap, equipment and material that it was entitled to is a material breach of the Demolition Purchase Agreements.

WHEREFORE, IPS Contracting, Inc. requests this Court enter a judgment in its favor and against Defendant Rivian Automotive, LLC, in an amount in excess of $12,500,000, plus interest, costs, and attorneys' fees, as well as all other relief this Court deems equitable and just, arising out of Rivian's breach of the Demolition Purchase Orders.

## COUNT II
## QUANTUM MERUIT/UNJUST ENRICHMENT

35.    Plaintiff reiterates and incorporates all prior allegations as if fully set forth herein.

36.    This claim is being plead in the alternative as provided for under FRCP 8(d).

37.    IPSC provided Rivian and with labor and materials that was utilized in the demolition component of the work it performed at the Plant.

38.    Rivian has obtained substantial benefits from the labor and materials utilized in the demolition component of the work it performed at the Plant.

39.    Rivian has not compensated IPSC for the full value of the labor and materials received from IPSC. Specifically, IPSC did not receive the full value of the scrap material and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) that was to offset IPSC's costs to perform the work in question.

40.    Allowing Rivian to retain the benefits of the labor and materials provided by IPSC and utilized in the demolition component of the work it performed at the Plant without fully compensating Plaintiff would be inequitable.

41.    Allowing Rivian to retain the benefits of the labor and materials provided by IPSC and utilized in the demolition component of the work it performed at the Plant without fully compensating Plaintiff would result in Rivian's unjust enrichment at Plaintiff's expense.

8

42.    IPSC is entitled to an amount no less than $12,500,000 from Rivian for the labor and materials utilized in the demolition component of the work it performed at the Plant.

WHEREFORE, IPS Contracting, Inc., requests this Court enter a judgment in its favor and against Defendant Rivian Automotive, LLC, in an amount in excess of $12,500,000, plus interest, costs, and attorneys' fees, as well as all other relief this Court deems equitable and just.

### COUNT III
### PROMISSORY ESTOPPEL

43.    Plaintiff reiterates and incorporates all prior allegations as if fully set forth herein.

44.    Rivian represented and promised that it would pay IPSC for the labor and materials utilized in the demolition component of the work Plaintiff performed at the Plant. Specifically, Rivian represented and agreed that IPSC would be entitled to all scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) in the Plant.

45.    IPSC reasonably relied on these representations and promises made by Rivian and, in consequence, provided and continued to provide Rivian with labor and materials that were utilized in the demolition component of the work Plaintiff performed at the Plant.

46.     IPSC has suffered substantial injustice and prejudice due to Rivian's failure to comply with its representations and promises that it would pay for the labor and materials, specifically, that IPSC would receive title to all scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) in the Plant.

47.     IPSC has been damaged in the amount in excess of $12,500,000 by Rivian's deliberate and intentional failure to permit IPSC to take title and possession to all scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) in the Plant.

WHEREFORE, IPS Contracting, Inc., requests this Court enter a judgment in its favor and against Defendant Rivian Automotive, LLC, in an amount in excess of $12,500,000, plus interest, costs, and attorneys' fees, as well as all other relief this Court deems equitable and just.

**COUNT IV**
**INNOCENT MISREPRESENTATION**

48.     Plaintiff reiterates and incorporates all prior allegations as if fully set forth herein.

49.     In order to induce IPSC to enter into the Demolition Purchase Orders, and to otherwise provide labor and materials necessary to perform the work at the Plant, Rivian represented to IPSC that it would be paid in full, or in the alternative, that IPSC would be entitled to receive possession and title to all of the scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) in the Plant.

10

50. The representations were material in the context of the transaction.

51. The representations were made with the intent that IPSC rely thereon to its detriment and provided the labor and materials to perform and complete the work at the Plant with the expectation that it was going to receive possession and title to all of the scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) in the Plant.

52. Although innocently made, the representations were false when made. In the alternative, the representations were made in reckless disregard of their truth or lack thereof.

53. IPSC in fact relied on the representations to its detriment and entered into the Demolition Purchase Orders with Rivian.

54. Rivian thereafter failed and refused to permit IPSC to take possession and title to all of the scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) in the Plant contrary to the terms and conditions of the Demolition Purchase Orders.

55. The foregoing constitutes innocent misrepresentation as that term is defined by applicable Michigan law.

56. Occasioned on the innocent misrepresentation of Rivian as set forth in the foregoing particulars, IPSC has suffered damages.

WHEREFORE, IPS Contracting, Inc., requests this Court enter a judgment in its favor and against Defendant Rivian Automotive, LLC, in an amount in excess of $12,500,000, plus interest, costs, and attorneys' fees, as well as all other relief this Court deems equitable and just.

## COUNT V
## CONVERSION

57.    Plaintiff reiterates and incorporates all prior allegations as if fully set forth herein.

58.    Rivian has unlawfully retained and exercised wrongful dominion and control over Plaintiff's property, specifically, title to all scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) located in the Plant that was to collected, harvested and sold by IPSC under the terms of the proposals accepted by Defendant.

59.    IPSC has repeatedly demanded payment for the commercial value of the scrap misappropriated by Rivian and its employees, however Defendant has refused to comply with those repeated requests.

60.    Rivian has attempted to conceal the conversion and intentionally misrepresented facts to conceal the conversion in an effort to avoid paying IPSC.

61.    The acts described above constitute an unlawful conversion of IPSC's property.

WHEREFORE, IPS Contracting, Inc., requests this Court enter a judgment in its favor and against Defendant Rivian Automotive, LLC, in an amount in excess of

$12,500,000, plus interest, costs, and attorneys' fees, as well as all other relief this Court deems equitable and just.

**COUNT VI**
**<u>STATUTORY CONVERSION</u>**

62.    Plaintiff reiterates and incorporates all prior allegations as if fully set forth herein.

63.    Rivian has unlawfully retained and exercised wrongful dominion and control over Plaintiff's property, specifically, title to all scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.) located in the Plant that was to collected, harvested and sold by IPSC under the terms of the proposals accepted by Defendant.

64.    IPSC has repeatedly demanded payment for the commercial value of the scrap misappropriated by Rivian and its employees, however Defendant has refused to comply with those repeated requests.

65.    Rivian has attempted to conceal the conversion and intentionally misrepresented facts to conceal the conversion in an effort to avoid paying IPSC.

66.    The acts described above constitute an unlawful conversion of IPSC's property.

67.    Pursuant to MCL 600.2919a, Rivian is liable to IPSC for treble damages, costs, and attorneys' fees.

WHEREFORE, IPS Contracting, Inc., requests this Court enter a judgment in its favor and against Defendant Rivian Automotive, LLC, in an amount in excess of

$37,500,000, plus interest, costs, and attorneys' fees, as well as all other relief this Court deems equitable and just.

Respectfully submitted,

FRASCO CAPONIGRO WINEMAN
SCHEIBLE HAUSER & LUTTMANN, PLLC

/s/ J. Christian Hauser
J. Christian Hauser (P57990)
Attorneys for Plaintiff
1301 W. Long Lake Road, Suite 250
Troy, MI 48098
(248) 334-6767
Dated: May 21, 2021          ch@frascap.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on May 21, 2021, I filed the foregoing document using the Court's ECF System, and that notice of such filing will be sent electronically to all parties of record.

/s/ Maureen Livernois
Maureen Livernois