UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IPS Contracting, Inc.,

    Plaintiff,

v.                                                        Civil Case No. 21-10983

Rivian Automotive, LLC,                  Sean F. Cox
                                                          United States District Court Judge

    Defendant.

_____/

**OPINION AND ORDER
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

This is a civil dispute arising out of a demolition contract. Plaintiff, IPS Contracting, alleges that they are entitled to scrap material, which Defendant, Rivian Automotive, LLC, has failed to provide them. Plaintiff alleges that Defendant: (1) breached a contractual agreement; (2) was unjustly enriched; (3) is liable for promissory estoppel; (4) made an innocent misrepresentation; and (5) is liable for conversion and statutory conversion. (Am. Compl., ECF No. 6, at PageID 38-45).

Currently, the matter before the Court is Defendant's Partial Motion to Dismiss (ECF No. 10). The motion has been fully briefed, and the Court concludes that oral argument is not necessary. Thus, the Court orders that the motions will be decided without a hearing. *See* E.D. Mich. LR 7.1(f).

For the following reasons, the Court GRANTS Defendant's motion and DISMISSES Counts II - VI.

1

## BACKGROUND

On March 29, 2021, Plaintiff initiated this action against Defendant in Wayne County Circuit Court. (ECF No. 1-1). Plaintiff alleges the following claims: breach of contract (Count One); *quantum meruit*/unjust enrichment (Count Two); promissory estoppel (Count Three); innocent misrepresentation (Count Four); conversion (Count Five); and statutory conversion (Count Six). (Am. Compl., at PageID 38-45).

On May 1, 2021, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. (ECF No. 1). On June 29, 2021, Defendant filed a Partial Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) requesting the Court dismiss Counts II through VI for failure to state a claim. (ECF No. 10).

Because this matter comes before the Court on a motion to dismiss the Amended Complaint, the following allegations in Plaintiff's Amended Complaint are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In January 2017, Defendant "purchased a Plant in order to manufacture its new fleet of electric vehicles." *Id.* at ¶ 7. To produce the electric vehicles, Defendant needed to "demolish, strip-out and massively reconfigure the Plant, which when purchased, had been filled with paint booths, multiple assembly line conveyors and other equipment . . . ." *Id.* at ¶ 8.

On January 16, 2019, Plaintiff submitted a bid to perform the demolition work. *Id.* at ¶ 10. Plaintiff alleges that the bid not only stated that the total cost would be "$6,596,920" but it also "expressly stated" that said bid was contingent upon Plaintiff "receiving title to all scrap and equipment (i.e., robots, conveyors, panels, scrap metal, etc.)." *Id.*

Defendant accepted Plaintiff's proposal and "issued a purchase order on January 31, 2019, in the amount of $6,596,920." *Id.* at ¶ 18. Throughout the course of the demolition, Defendant submitted subsequent purchase orders to the Plaintiff. *Id.* at ¶ 12-13. The "same language" regarding the scrap equipment was used in each subsequent purchase order. *Id.* at ¶ 13. Plaintiff further alleges that "[t]he inclusion of the transfer of title of the scrap and equipment . . . is significant and was a material component of [Plaintiff's] bid estimate." *Id.* at ¶ 15. Plaintiff alleges that "the scrap and equipment . . . has a substantial economic value." *Id.* at ¶ 16.

> Once Plaintiff initiated the demolition work, it:
>
> began to notice that volume of scrap and equipment it had intended to harvest from the Plant was substantially less than expected. For example, thousands of tons of copper wire were missing, robots that were intended to be removed by [Plaintiff] were not present and air filtering equipment had vanished.

*Id.* at ¶ 18. The "scrap and equipment" at issue were allegedly going to be used by Plaintiff to offset the "costs to perform the work in question." *Id.* at ¶ 39. The unexplained removal of the "scrap and equipment was continuous and systematic throughout the life of the project." *Id.* at ¶ 19.

When Plaintiff told Defendant about the situation, "Defendant's . . . representatives responded . . . with feigned concern, or . . . told [Plaintiff] that Plaintiff was not entitled to the scrap material and equipment." *Id.* at ¶ 20. Plaintiff alleges that they were able to "generate some revenue from the recovery of scrap and equipment" but "it was millions of dollars less than what was reasonably anticipated." *Id.* at ¶ 21. Furthermore, Plaintiff alleges "that several Rivian employees working at the Plant were actually stealing the scrap and equipment." *Id.* at ¶ 22. Plaintiff has asked Defendant to be reimbursed "for the value of the scrap, material and equipment that it was denied as a result of [Plaintiff's] and its employees' theft and misappropriation." *Id.* at

3

¶ 23. Defendant has refused to reimburse Plaintiff. *Id*. Plaintiff filed this matter in response. (ECF No. 1).

## STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Although the Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's

4

claims and to allow cases to be decided on the merits after an adequate development of the facts." *Id*.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## ANALYSIS

Because this Court sits in diversity, the substantive law of Michigan governs the claims of in this case. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

Defendant argues that Plaintiff's allegations (Counts II-VI) should be dismissed because Plaintiff has failed to state plausible claims for: (1) unjust enrichment/quantum meruit; (2) promissory estoppel; (3) innocent misrepresentation; (4) statutory conversion; and (5) conversion. (Def's Br., at PageID.81). The Court will address each claim in turn.

### I. Unjust Enrichment/Quantum Meruit (Count II)

In Count II, Plaintiff alleges a *quantum meruit*/unjust enrichment claim, in the alternative to its breach of contract claim in Count I pursuant to FED. R. CIV. P. 8(d).

For a plaintiff to succeed on an unjust enrichment claim, a plaintiff must show that there was (1) "receipt of a benefit by the defendant from the plaintiff" and (2) "an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. App. 1993). If the elements of unjust enrichment are met, the court will "imply a contract in order to prevent unjust enrichment." *Id*. "However, a contract will be implied

5

only if there is no express contract covering the same subject matter. *Id*. *See also Martin v. East Lansing School Dist.*, 483 N.W.2d 656, 658 (Mich. App. 1992).

"Alternatively pleading an express contract and implied contract (whether styled as unjust enrichment or *quantum meruit*) is allowed when, for instance, there is a dispute between the parties as to whether an express agreement exists." *Llwellyn-Jones v. Metro Property Group, LLC*, 22 F. Supp. 3d 760, 793 (E.D. Mich. 2014) (citing *Cascade Elec. Co. v. Rice*, 70 Mich. App. 420, 426-27 (1976)). "A party is not required to elect to proceed under one theory or the other, but could seek recovery on the basis either of an express contract, or an implied contract if the trier of fact found that the express contract did not exist." *Id*. Additionally, "the plaintiff also may bring a breach of contract claim and an unjust enrichment claim in cases where the defendant has 'kept its options open, and may deny the existence of the contract.'" *Id*. (citing *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 182 (6th Cir. 1996)).

Here, this is not the case. Plaintiff concedes that there is an express agreement that governs the subject matter in question: "the parties acknowledge the existence of the Demolition Purchase Agreements, the claim asserted by [Plaintiff] is for the value of the scrap and equipment that it was to receive as part of its work." (Pl's Br., at PageID 134). Therefore, Plaintiff's unjust enrichment/quantum meruit claim must be dismissed. "If the parties admit that a contract exists, but dispute its terms or effect, an action will not also lie for *quantum meruit* or implied contract. In other words, alternative pleading of an implied contract claim is only allowed in a contract setting where a party doubts the existence of a contract." *Advanced Plastics Corp. v. White Consol. Indus., Inc.,* 828 F. Supp. 484, 491 (E.D.Mich.1993) (citations omitted).

Plaintiff tries to rely on *Son v. Coal Equity, Inc.*, 122 Fed. App'x 797, 802 (6th Cir. 2004) to argue that "the course of litigation is unpredictable" and therefore Plaintiff should be allowed

to plead both breach of contract and quantum meruit claims. (Pl's Br., at PageID 135-136). However, in *Son*, the facts surrounding the contractual dispute were very different than those at issue here. *Id*. In *Son*, there was an issue as to whether plaintiff was a third-party beneficiary on the contract. *Id*. The plaintiff in *Son* pled both a breach of contract claim and a quantum meriut claim in the alternative, if it was found that plaintiff was not a third-party beneficiary. *Id.* The Sixth Circuit permitted the plaintiff to plead both claims because it acknowledged that the defendant may later repudiate its concession on the issue. *Id*. There is no such dispute here. Both parties agree that Plaintiff and Defendant are parties to the contract and that the contract covers the subject matter of the dispute.

Therefore, the Court GRANTS Defendant's motion as to the *quantum meruit*/unjust enrichment claim and DISMISSES Count II of the Amended Complaint.

**II. Promissory Estoppel (Count III)**

For a defendant to be found liable for promissory estoppel, there must be "a promise that the promisor should have reasonably expected to induce action . . . on the part of the promisee . . . which in fact produces reliance . . . under circumstances such that the promise must be enforced if injustice is to be avoided." *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 797 (Mich. App. 1993). However, "where ... the performance which is said to satisfy the detrimental reliance requirement of the promissory estoppel theory is the same performance which represents consideration for the written contract, the doctrine of promissory estoppel is not applicable." *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1042 (6th Cir. 1990).

In this case, Plaintiff claims to have detrimentally relied on a promise made by Defendant. (Am. Comp. at PageID 41-42). Here, Defendant promised to transfer title of the scrap material in question to Plaintiff in exchange for the completion of the demolition work. (Am. Comp. at PageID

41). At a glance, Plaintiff's promissory estoppel claim appears valid: Defendant did promise to transfer title of the scrap material in question to the Plaintiff, and Plaintiff did rely on that promise when Plaintiff began the demolition work. *Id*. However, the performance of the demolition work represents the consideration written in the express agreements between Plaintiff and Defendant: "[Defendant] represented and promised that it would pay [Plaintiff] for the labor and materials utilized in the demolition component of the work Plaintiff performed at the Plant." (Am. Compl. at PageID 41). Therefore, the doctrine promissory estoppel is not applicable in this matter. *Gen. Aviation, Inc.*, 915 F.2d at 1042.

Therefore, the Court GRANTS Defendant's motion as to the promissory estoppel claim and DISMISSES Count III of the Amended Complaint.

### III. Innocent Misrepresentation (Count IV)

"A claim of innocent misrepresentation is shown if a party detrimentally relies upon a false representation in such a manner that the injury suffered by that party injures to the benefit of the party who made the representation." *Unibar Maint. Serv., Inc. v. Saigh*, 283 Mich. App. 609, 769 N.W.2d 911 (Mich. Ct. App. 2009). A party alleging innocent misrepresentation "is not required to prove that the party making the misrepresentation intended to deceive or that the other party knew it was false." *M&D, Inc. v. W.B. McConkey*, 231 Mich. App. 22, 28 (1989) (citing *United States Fidelity & Guaranty Co. v. Black*, 412 Mich. 99, 118 (1981)). "In order to prevail on an innocent misrepresentation claim, a plaintiff must also show that the plaintiff and defendant were in privity of contract." *M&D*, 231 Mich. App. at 28. "The misrepresentation must relate to a past or existing fact and not be promissory in nature." *Derderian v. Genesys Health Care Sys.*, 689 N.W.2d 145, 157 (Mich. App. 2004).

Here, Plaintiff alleges that Defendant made a false statement of fact when Defendant

8

"represented to [Plaintiff] that it would be paid in full, or in the alternative, that [Plaintiff] would be entitled to receive possession and title to all of the scrap and equipment . . . ." (Am. Comp. at PageID.42). Plaintiff goes on to allege that this false statement caused Plaintiff to enter into the agreement at their detriment. *Id*. This representation refers to a future act (compensating Plaintiff) that Defendant promised Plaintiff they would do. Therefore, the alleged false statement is "promissory in nature" and Plaintiff has failed to state a claim of innocent misrepresentation. *Derderian*, 689 N.W.2d at 157.

Therefore, the Court GRANTS Defendant's motion as to the innocent misrepresentation claim and DISMISSES Count IV of the Amended Complaint.

**IV. Statutory Conversion/Conversion (Count V and VI)**

Conversion is "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Aroma Wines & Equip, Inc. v. Columbian Distrib. Services, Inc.*, 871 N.W.2d 136, 141 (Mich. 2015). Moreover, statutory conversion is "[a]nother person's stealing or embezzling property or converting property to the other person's own use." M.C.L. § 600.2919a.

A conversion claim "cannot be brought where the property rights alleged to have been converted arises entirely from the [plaintiff's] contractual rights." *CH Novi, LLC v. Sun Valley*, Ltd., 16-10297, 2016 WL 1732747, at *2 (E.D. Mich., May 2, 2016). However, it "is possible for a party's conduct to result in both a breach of contract and a tort for common law conversion[,] so long as the defendant's conduct constituted a breach of duty separate and distinct from the breach of contract." *Id*.

In this case, Plaintiff alleges that Defendant took "wrongful dominion and control" over the scrap material in question. (Am. Comp. at PageID.44). However, Plaintiff's rights to the scrap

9

material in question arise only out of Plaintiff's contractual rights. Furthermore, besides the contractual duty Defendant had to plaintiff, Plaintiff's Amended Complaint does not allege any other separate and distinct duty between Plaintiff and Defendant. (Am. Comp. at PageID.33-46). "The law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract." *Brock v. Consol. Biomedical Laboratories*, 817 F.2d 24, 25 (6th Cir. 1987). Given that Defendant has no separate and distinct duty, outside of the contractual duty, to transfer title of the scrap material to Plaintiff, Plaintiff has failed to state a conversion claim.

Therefore, the Court GRANTS Defendant's motion as to the conversion claims and DISMISSES Counts V and VI of the Amended Complaint.

## CONCLUSION

For the reasons outlined above, the Court GRANTS Defendant's Partial Motion to Dismiss and DISMISSES Counts II-VI of the Amended Complaint.

**IT IS SO ORDERED.**

Dated:  October 22, 2021                                s/Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge